ANDREW SPARROWHAWK, RESPONDENT, *v.* EMMA E. SPARROWHAWK, APPELLANT.

*Action for divorce — report of referee in — is not a special verdict — costs of application for judgment on.*

In this action brought for a divorce on the ground of adultery, the referee, to whom it was referred to take and report the evidence, reported in favor of the defendant. Thereafter, the defendant moved for and obtained a judgment in her favor, and then sought to tax twenty dollars for application for judgment before argument and forty dollars for argument thereon. *Held,* that the application was rightly refused.

APPEAL from an order denying a motion for a readjustment of defendant's costs herein. This action was for a divorce *a vinculo,* and was commenced by service of summons and complaint March 27, 1875. Answer was duly served, and by consent the action was referred to Stillman Foote, Esq., as referee, to take and report the

evidence. Hearing was duly had before the referee, who made a report in favor of defendant *August 8, 1876, which report was filed with the clerk of St. Lawrence county. Motion was made at Special Term for judgment on the referee's report before Justice POTTER at Whitehall, September 12, 1876, and an order granted by said justice ordering judgment according to the facts found by the referee, with costs to be taxed. Said order was duly filed with the clerk of St. Lawrence county, and a bill of costs for defendant sent said clerk with due notice of taxation. Among the items of said bill of costs were, viz.: "Application for judgment on special verdict before argument, twenty dollars;" "application for judgment on special verdict for argument, forty dollars." The said clerk refused to tax said items and struck the same from defendant's costs and disallowed them in the judgment entered therein.

Defendant made a motion at a Special Term of this court, held by Justice POTTER at Whitehall, January 9, 1877, for an order directing the clerk of St. Lawrence county to set aside the adjustment as then made and to correct the same by adding to defendant's bill of costs said items, of twenty dollars and forty dollars stricken therefrom. Said motion was duly heard at said Special Term and an order made denying said motion, which order was filed and entered January 17, 1877. This appeal is from said order.

*Vary & Stone*, for the appellant.

*Chas. G. Myers*, for the respondent.

*Per Curiam :*

There is no sanction for the position of the defendant either in the Code or reports. In no case is it believed that the successful party may tax the twenty dollars before argument, and forty dollars for argument on application for final judgment upon the coming in of the referee's report giving the evidence and the facts. The defendant has been allowed fifteen dollars before trial, and thirty dollars for trial of the issues between the parties. Her present claim, if allowed, would give her sixty dollars extra for the argument of the legal questions presented by the case. Both allowances cannot be made for a single trial and argument and judgment.

The defendant's theory that the referee's report is a special verdict is unfounded. "A special verdict is that by which the *jury* find the facts only, leaving the judgment to the court." (Code, § 260.) That chapter of the Code relates only to trial by jury. Such a special verdict gives the right to costs before argument twenty dollars, and for argument forty dollars, on application for judgment under subdivision 5 of section 307 of the Code. This was not a special verdict, and the motion was not founded upon a special verdict. It was the hearing at Special Term required by Rule 92 after the trial of the issue or upon the coming in of the proofs. By the same rule it is provided: "No judgment in an action for a divorce shall be entered except upon a special direction of the court." It evidently contemplates that the proceedings before the referee and the motion for judgment together, constitute a trial of the issues joined between the parties for which costs may be taxed, as in fact they have been, by the clerk in this case.

The papers on which this appeal is founded are very defective in not giving the order of reference, the report of the referee, and the order for judgment upon which the motion at Special Term was made. Enough, however, appears to satify this court that neither the clerk nor the learned judge at Special Term erred in refusing to the defendant the sixty dollars costs before and for argument on application for judgment.

The order of the Special Term is therefore affirmed, but as the parties are husband and wife such affirmance is without costs.

LEARNED, P. J., and BOCKES, J., concurred.

Order affirmed, without costs.